**NCR EMPLOYEES' INDEPENDENT UN- ION, et al., Plaintiffs-Appellees,**

v.

**The NATIONAL CASH REGISTER COMPANY, Defendant-Appellant.**

**No. 73-1308.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 9, 1973.

Decided Dec. 18, 1973.

Certiorari Denied April 29, 1974. See 94 S.Ct. 1993.

Randall N. Bothmann, Cowden, Pfarrer, Crew & Becker, Dayton, Ohio, on brief, for defendant-appellant.

Paul H. Tobias, Goldman, Cole & Putnick, Cincinnati, Ohio, on brief, for plaintiffs-appellees; John A. Fillion, Gen. Counsel, United Automobile, Aerospace & Agricultural Implement Workers of America (UAW) Detroit, Mich., of counsel.

Before PHILLIPS, Chief Judge, and CELEBREZZE and MILLER, Circuit Judges.

---

PER CURIAM.

This appeal questions whether the district court erred when it directed that a labor dispute be submitted to arbitration "without regard to any contractual time or procedural limitation" contained in the collective bargaining agreement. For reasons which we will explain below, we believe that the district court did not commit error.

In January of 1969, the National Cash Register Company executed a collective bargaining agreement with the NCR Employees' Independent Union. Previously the company, and the union had agreed to a temporary work schedule which controlled the manner by which the employees would return to their jobs after a strike of several weeks. Subsequently, a dispute arose over whether the company had violated this latter agreement by not scheduling certain employees for overtime during the readjustment period. Not satisfied with the company's response, the union filed suit in February of 1969, in the Common Pleas Court of Montgomery County, Ohio, and requested that the court determine the rights of certain employees to have been scheduled for overtime work. The action was later removed to the United States District Court for the Southern District of Ohio.

The company moved for dismissal, contending that the grievance and arbitration procedures of the collective bargaining agreement contained the sole remedy of the union. Consequently, the court would be without jurisdiction to hear the case. Treating the motion for dismissal as one for summary judgment, the district court held that the temporary work schedule was part of the collective bargaining agreement and disputes arising out of its interpretation must follow the course proscribed in the grievance-arbitration procedures. Appeal was then taken by the union to this Court. We reversed and remanded the case because we found that the district court erred in treating the motion for dismissal as one for summary judgment without notifying the parties and affording them the opportunity to present additional evidence. We closed the opinion with the following paragraph and footnote:

In the event the court proceeds in this manner and again concludes that arbitration is the exclusive remedy on the merits of plaintiffs' claim of violation of the "Work Schedule," we think that in the interest of justice and equity the court should direct the parties to proceed to arbitration on the violation issue rather than dismiss the action outright.[1] It follows that if

1. The Court in this event should specify the applicable arbitration provision and its order should direct arbitration of the substantive issue without regard to any possible contractual time or other procedural limitations. To enforce its order the Court will retain jurisdiction pending arbitration.

the court should conclude that the plaintiffs' claim is not governed by any arbitration clause, it would then proceed to determine the plaintiffs' claim on the merits.

Upon remand the district court again found that the grievance-arbitration procedure of the collective bargaining agreement was the exclusive remedy of the union. The court ordered that the matter be submitted to arbitration "without regard to any contractual time or procedural limitations contained in Article VII of the Collective Bargaining Agreement." The company now appeals the order on the ground that the union must follow the entire grievance-arbitration procedure and be subject to the procedural and time limitations contained therein.

This lawsuit was brought in an atmosphere of confusion as to whether the temporary work schedule was a part of the collective bargaining agreement. Since the schedule related only to a limited period and was not executed at the same point in time as the agreement, the union did not act unreasonably when it concluded that the schedule was not incorporated into the agreement and that its remedy was with the courts, not the grievance procedure. Yet in the

course of this lengthy litigation, the period for filing a timely grievance under the agreement expired. We were cognizant of this problem when this case was first before the Court and directed that should the district court find that the grievance-arbitration procedure controlled, it should not allow the company to foreclose arbitration by asserting that the union's claim was not timely filed. Had we done otherwise, it would have been at the expense of the well-established congressional policy favoring arbitration as a means of preserving union-management peace. *See* United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 567–568, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 578, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

Our decision simply means that arbitration remains as a viable means of resolving the dispute. *See generally,* Boone v. Armstrong Cork Company, 384 F.2d 285 (5th Cir. 1967).

The judgment of the district court is affirmed.